James R. Doyle, Esq. (SBN 309037)
DOYLE ACCIDENT & INJURY ATTORNEYS, APC
560 W. Main St., Ste C-244
Alhambra, CA 91801
Tel: (626) 737-0036
Fax: (213) 769-6535
Email: contact@doyleattorneys.com

Attorneys for Plaintiff HELLEN CEBALLOS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hellen Ceballos, an individual,<br><br>        Plaintiff,<br><br>        v.<br><br>The United States of America; Coresivity Inc.; Joseph Michael Garibay, an individual; and DOES 1 to 10, inclusive,<br><br>        Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR DAMAGES:**<br>  1. **NEGLIGENCE (FTCA)**<br>  2. **NEGLIGENCE (STATE LAW)** |

## ORIGINAL COMPLAINT FOR DAMAGES

Plaintiff Helen Ceballos ("Plaintiff"), by and through her attorneys now comes before this Court and complains of The United States of America, Coresivity Inc., Joseph Michael Garibay, an individual, and DOES 1 to 10, inclusive.

### I. JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

1. This court has jurisdiction over the subject matter of this Complaint pursuant to the Federal Tort Claims Act 28 U.S.C. §2671, et seq. and 28 USC §§1346(b)(1), for money damages as compensation for loss of property and personal injuries that were

ORIGINAL COMPLAINT - 1

caused by the negligent and wrongful acts and omissions of agents and employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the Defendant The United States of America, if a private person, would be liable to Plaintiff in accordance with the laws of the State of California.

2. Venue is proper in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Central District of California.

3. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

4. Plaintiff timely served notice of her claim on January 12th, 2024 which was addressed to the U.S. Department of Veterans Affairs, Office of General Counsel, Torts Law Group, 810 Vermont Avenue, NW, Washington, DC, 20420. Attached hereto and titled "Exhibit 1" is the administrative claim form (attachments and exhibits omitted).

5. The U.S. Department of Veteran's Affairs denied Plaintiff's claim on June 3rd, 2024. Plaintiff timely filed this lawsuit within six months of June 3rd, 2024.

## II. THE PARTIES

6. Plaintiff Hellen Ceballos, (hereinafter referred to as "Plaintiff") is and at all times mentioned herein was, an individual, over the age of majority, residing in the city of Winnetka in Los Angeles County in the State of California.

7. Defendant Joseph Michael Garibay, is and at all times mentioned herein was, an individual, over the age of majority, residing in the city of Torrance in Los Angeles County in the State of California.

8. Plaintiff is informed and believes, and upon such information and belief alleges Defendant The United States of America, (hereinafter referred to as "U.S."), and at all times relevant herein is acted through its agency, U.S. Department of Veterans Affairs, which acted through its agent Joseph Michael Garibay.

9. Plaintiff is informed and believes, and upon such information and belief alleges Defendant Coresivity Inc. and at all times relevant herein is a business entity of unknown form, qualified to do business and is doing business in the State of California,

ORIGINAL COMPLAINT - 2

County of Los Angeles, with its principal place of business located at 7592 Artesia Blvd., Unit D, Buena Park, CA 90621, and at all times relevant herein is acted through its agent Joseph Michael Garibay.

10. Plaintiff does not know the true names of defendants DOES 1 through 10 inclusive, and therefore sues them by those fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of said fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by their acts.

### III. EVENTS FORMING THE BASIS OF THE CLAIMS

11. Plaintiff is, and at all times mentioned in this complaint was, the owner of a certain 2009 Blue Toyota Matrix, bearing a California License Plate 6KLG080.

12. At all times mentioned in this complaint US-101 S/B was a public street, freeway, and/or highways in the City of Los Angeles, CA in the County of Los Angeles, California.

13. On July 12, 2023, at or about the hour of 5:35 PM, Plaintiff was operating her 2009 Blue Toyota Matrix on US-101 S/B approximately .125 miles south of Ventura Blvd.

14. On that date, and at that time and place, Defendant Joseph Michael Garibay was operating a vehicle owned by Defendant U.S. on US-101 S/B. Joseph Michael Garibay Office Tuana was at all relevant times herein acting within the course and scope of his employment with Coresivity Inc. and U.S. Department of Veterans Affairs, which is an agency of Defendant U.S.

15. On that date, and at that time and place, Joseph Michael Garibay so negligently, carelessly and recklessly operated its vehicle on US-101 S/B by traveling at an unsafe speed, such that Joseph Michael Garibay collided into the rear of Plaintiff Ceballos' vehicle in the middle of US-101 S/B.  This proximately caused and hereinafter described injuries and damages to Plaintiff.

16. As the direct and proximate result of these acts of negligence, carelessness, and recklessness, by Defendant and the resulting collisions as previously alleged, Plaintiff was injured in her health, strength, and activity, sustained injury to her body and shock and injury to their nervous system and person, and sustained personal injuries, all of which has caused and continue to cause Plaintiff great mental, physical, and nervous pain and suffering. These injuries will result in some permanent disability to Plaintiff, all to her general damage.

17. As the direct and proximate result of the negligence, carelessness, unlawfulness, and recklessness of the Defendants, and each of them, Plaintiff necessarily employed physicians for medical examination, treatment, and care of these injuries, and incurred medical and incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to her. Plaintiff therefore asks leave of court to prove that amount at the time of trial.

18. As a direct and proximate result of the negligence, carelessness, and recklessness of the Defendants, and each of them, Plaintiff was disabled and may be disabled in the future and thereby be prevented from attending to the duties of Plaintiff's usual occupation. Plaintiff therefore has lost earnings and may continue to lose earnings in the future, all in amounts presently unknown to her. Plaintiff asks leave of court to prove that amount at the time of trial.

19. As the direct and proximate result of these acts of negligence, carelessness, and recklessness, by Defendant and the resulting collisions as previously alleged, Plaintiff incurred property damage to her vehicle, including, but not limited to, physical vehicle damage, payment of a deductible, rental expenses, and loss of use. Plaintiff therefore asks leave of court to prove that amount at the time of trial.

## FIRST CAUSE OF ACTION
### NEGLIGENCE (FTCA)
**(Against Defendant The United States of America, and DOES 1 through 10, inclusive)**

20. Plaintiff is, and at all times mentioned in this complaint was, the owner of a certain 2009 Blue Toyota Matrix, bearing a California License Plate 6KLG080.

21. At all times mentioned in this complaint US-101 S/B was a public street, freeway, and/or highways in the City of Los Angeles, CA in the County of Los Angeles, California.

22. On July 12, 2023, at or about the hour of 5:35 PM, Plaintiff was operating her 2009 Blue Toyota Matrix on US-101 S/B approximately .125 miles south of Ventura Blvd.

23. On that date, and at that time and place, Defendant Joseph Michael Garibay was operating a vehicle owned by Defendant U.S. on US-101 S/B. Joseph Michael Garibay Office Tuana was at all relevant times herein acting within the course and scope of his employment with Coresivity Inc. and U.S. Department of Veterans Affairs, which is an agency of Defendant U.S.

24. On that date, and at that time and place, Joseph Michael Garibay so negligently, carelessly and recklessly operated its vehicle on US-101 S/B by traveling at an unsafe speed, such that Joseph Michael Garibay collided into the rear of Plaintiff Ceballos' vehicle in the middle of US-101 S/B. This proximately caused and hereinafter described injuries and damages to Plaintiff.

25. On that date, and at that time and place, Joseph Michael Garibay so negligently, carelessly and recklessly operated its vehicle on US-101 S/B by traveling at an unsafe speed, such that Joseph Michael Garibay collided into the rear of Plaintiff Ceballos' vehicle in the middle of US-101 S/B. This proximately caused and hereinafter described injuries and damages to Plaintiff.

26. As the direct and proximate result of these acts of negligence, carelessness, and recklessness, by Defendant and the resulting collisions as previously alleged, Plaintiff was injured in her health, strength, and activity, sustained injury to her body and shock and injury to their nervous system and person, and sustained personal injuries, all of which has caused and continue to cause Plaintiff great mental, physical,

and nervous pain and suffering. These injuries will result in some permanent disability to Plaintiff, all to her general damage.

27. As the direct and proximate result of the negligence, carelessness, unlawfulness, and recklessness of the Defendants, and each of them, Plaintiff necessarily employed physicians for medical examination, treatment, and care of these injuries, and incurred medical and incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to her.  Plaintiff therefore asks leave of court to prove that amount at the time of trial.

28. As a direct and proximate result of the negligence, carelessness, and recklessness of the Defendants, and each of them, Plaintiff was disabled and may be disabled in the future and thereby be prevented from attending to the duties of Plaintiff's usual occupation. Plaintiff therefore has lost earnings and may continue to lose earnings in the future, all in amounts presently unknown to her. Plaintiff asks leave of court to prove that amount at the time of trial.

29. As the direct and proximate result of these acts of negligence, carelessness, and recklessness, by Defendant and the resulting collisions as previously alleged, Plaintiff incurred property damage to her vehicle, including, but not limited to, physical vehicle damage, payment of a deductible, rental expenses, and loss of use. Plaintiff therefore asks leave of court to prove that amount at the time of trial.

## SECOND CAUSE OF ACTION
### NEGLIGENCE (STATE LAW)
**(Against Defendant Coresivity Inc., Joseph Michael Garibay, an individual, and DOES 1 through 10, inclusive)**

30. Plaintiff is, and at all times mentioned in this complaint was, the owner of a certain 2009 Blue Toyota Matrix, bearing a California License Plate 6KLG080.

31. At all times mentioned in this complaint US-101 S/B was a public street, freeway, and/or highways in the City of Los Angeles, CA in the County of Los Angeles, California.

32. On July 12, 2023, at or about the hour of 5:35 PM, Plaintiff was operating her 2009 Blue Toyota Matrix on US-101 S/B approximately .125 miles south of Ventura Blvd.

33. On that date, and at that time and place, Defendant Joseph Michael Garibay was operating a vehicle owned by Defendant U.S. on US-101 S/B. Joseph Michael Garibay Office Tuana was at all relevant times herein acting within the course and scope of his employment with Coresivity Inc. and U.S. Department of Veterans Affairs, which is an agency of Defendant U.S.

34. On that date, and at that time and place, Joseph Michael Garibay so negligently, carelessly and recklessly operated its vehicle on US-101 S/B by traveling at an unsafe speed, such that Joseph Michael Garibay collided into the rear of Plaintiff Ceballos' vehicle in the middle of US-101 S/B. This proximately caused and hereinafter described injuries and damages to Plaintiff.

35. On that date, and at that time and place, Joseph Michael Garibay so negligently, carelessly and recklessly operated its vehicle on US-101 S/B by traveling at an unsafe speed, such that Joseph Michael Garibay collided into the rear of Plaintiff Ceballos' vehicle in the middle of US-101 S/B. This proximately caused and hereinafter described injuries and damages to Plaintiff.

36. As the direct and proximate result of these acts of negligence, carelessness, and recklessness, by Defendant and the resulting collisions as previously alleged, Plaintiff was injured in her health, strength, and activity, sustained injury to her body and shock and injury to their nervous system and person, and sustained personal injuries, all of which has caused and continue to cause Plaintiff great mental, physical, and nervous pain and suffering. These injuries will result in some permanent disability to Plaintiff, all to her general damage.

37. As the direct and proximate result of the negligence, carelessness, unlawfulness, and recklessness of the Defendants, and each of them, Plaintiff necessarily employed physicians for medical examination, treatment, and care of these

injuries, and incurred medical and incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to her.  Plaintiff therefore asks leave of court to prove that amount at the time of trial.

38.  As a direct and proximate result of the negligence, carelessness, and recklessness of the Defendants, and each of them, Plaintiff was disabled and may be disabled in the future and thereby be prevented from attending to the duties of Plaintiff's usual occupation. Plaintiff therefore has lost earnings and may continue to lose earnings in the future, all in amounts presently unknown to her. Plaintiff asks leave of court to prove that amount at the time of trial.

39.  As the direct and proximate result of these acts of negligence, carelessness, and recklessness, by Defendant and the resulting collisions as previously alleged, Plaintiff incurred property damage to her vehicle, including, but not limited to, physical vehicle damage, payment of a deductible, rental expenses, and loss of use. Plaintiff therefore asks for leave of court to prove that amount at the time of trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. General damages, according to proof and in an amount in excess of the jurisdictional minimum of this Court;
2. Medical and incidental expenses according to proof;
3. All other special and incidental damages according to proof;
4. Loss of earnings according to proof;
5. Loss of earning capacity according to proof;
6. Pre-judgment interest according to proof;
7. Costs of suit incurred herein;
8. Such other and further relief as the Court may deem just and proper.

\\\

DATED: October 25, 2024          DOYLE ACCIDENT & INJURY ATTORNEYS, APC

By: *James Doyle*
James R. Doyle, Esq.
Attorney for Plaintiff Helen Ceballos

## DEMAND FOR A JURY TRIAL

Plaintiff Helen Ceballos requests a trial by jury for all issues for which she is entitled to a jury.

DATED: October 25, 2024          DOYLE ACCIDENT & INJURY ATTORNEYS, APC

By: *James Doyle*
James R. Doyle, Esq.
Attorney for Plaintiff Helen Ceballos

# Exhibit 1

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Department of Veterans Affairs<br>Office of General Counsel<br>Torts Law Group<br>810 Vermont Avenue, NW<br>Washington, DC 20420 | Helen Perales Ceballos<br>8607 Penfield Ave.<br>Winnetka, CA 91306<br><br>Send correspondence only to:<br>James R. Doyle, Esq. SBN 309037<br>Doyle Accident & Injury Attorneys, APC<br>560 W. Main St., Ste C-244<br>Alhambra, CA 91801<br>e-mail: contact@doyleattorneys.com<br>tel: (626) 737-0036 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>06/16/1968 | 5. MARITAL STATUS<br>single | 6. DATE AND DAY OF ACCIDENT<br>07/12/2023    Wednesday | 7. TIME (A.M. OR P.M.)<br>5:35pm |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

On July 12, 2023, claimant was lawfully driving her vehicle southbound on US-101 when she was rear-ended by a vehicle driven by Joseph Michael Garibay, which was owned and operated by the Los Angeles Regional Office of the Veteran's Administration.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

See attached police report. Claimant is seeking reimbursement for rental expenses and loss of use only.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A - claimant is not submitting a claim for property damage other than loss of use and rental (amount claimed in section 12a). Claimant is no longer in possession of the vehicle and does not know its whereabouts.

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

objection: calls for expert testimony. Without waiver of said objection, Claimant responds: Claimant has, among other things, injuries to her cervical spine, thoracic spine, lumbar spine left knee and right knee. Claimant also had a concussion resulting in, among other things, constant headaches and lip biting. The extent of Claimant's injuries are still being diagnosed, and the total bills and records are still being requested.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Liron Barzilay | 7400 Sepulveda Blvd., Apt 108, Van Nuys, CA 91405 |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| 269.93 | 1,500,000 | | 1,500,269.93 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side).<br>*James Doyle*  (James R. Doyle, Esq., attorney for Claimant) | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br>626-737-0036 | 14. DATE OF SIGNATURE<br>01/12/2024 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident Insurance?** [X] Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   [ ] No

State Farm Insurance. One State Farm Plaza, Bloomington, IL 61710. Policy no. 0828412-F25-75G

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** [X] Yes   [ ] No   **17. If deductible, state amount.**

Objection: vague. Without waiver of said objection, Claimant responds: see section 18.

250.00

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).**

Claimant received $6,992.57 for the total loss value of Claimant's vehicle from State Farm. State Farm also paid $196.32 for rental car expenses. State Farm declined payment of 269.93 in rental car expenses, which Claimant paid out of pocket.

**19. Do you carry public liability and property damage insurance?** [ ] Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   [X] No

Objection: vague. Without waiver of said objection, Claimant responds: none.

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**